884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Irwin Joseph WALLACE, Defendant-Appellant.
 No. 88-5703.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 21, 1989.
Decided Aug. 28, 1989.
 
 Fritz Y. Mercer, Jr., Carson & Mercer, on brief for appellant.
 Thomas J. Ashcraft, United States Attorney, Harry Thomas Church, Assistant United States Attorney, Patty Merkamp Stemler, on brief for United States Department of Justice.
 Before K.K. HALL, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Wallace pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and reserved his right to appeal the denial of his motion to suppress the cocaine that was seized from him during a search at the Charlotte Douglas International Airport on March 18, 1988. The appellant met a number of the drug courier profile characteristics. He arrived in Charlotte on a flight from Miami, a drug source city, he had a one-way ticket paid for in cash on the day of the flight, he was traveling in the company of an individual the drug agents had under observation because of his drug courier profile characteristics and information that he had possession of cocaine. The officers noticed that Wallace had a bulge at his ankle and a bulge near his waist, which are areas of the body which are often used in an effort to conceal illegal drugs. This case is so similar to the factual situation in United States v. Aquiar, 825 F.2d 39 (4th Cir.), cert. denied, 108 S.Ct. 505 (1988) that a further recitation of the facts is not necessary. In Aquiar we stated:
 
 
 2
 [w]hether or not the policeman's observance of the bulge at the ankle alone was enough to constitute probable cause for arrest, we need not decide, but in combination with the Drug Courier Profile Characteristics exhibited by Aguiar, it would constitute probable cause for arrest. Out of the policeman's experience, he recognized that the bulge was probably caused by a packet of illicit drugs strapped to the ankle. What the policeman knew and observed therefore was far more than the fact that Aguiar met the generalized Drug Courier Profile Characteristics. Id. at 41.
 
 
 3
 We find no merit in the appellant's claim that he was subjected to an illegal search and seizure on the present facts, because the agents had probable cause to arrest and search him.
 
 
 4
 We conclude that the dispositive issues have been recently authoritatively decided, the facts and legal arguments are adequately presented in the briefs and the record, and our decisional process will not be significantly aided by oral argument. The judgment is
 
 
 5
 AFFIRMED.